IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK W. RODRIGUEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv46 |
| PATRICK MULDOWNEY | § | |

### MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Frank W. Rodriguez, Jr., proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Patrick Muldowney. The defendant is a physician's assistant at the University of Texas, Medical Branch, facility in Galveston Texas.

### Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The actions taken by the defendant were taken in Galveston County. In addition, the defendant appears to reside in Galveston County. Pursuant to 28 U.S.C. § 124, Galveton County is located in the Galveston Division of the Southern District of Texas, rather than in the Eastern District.

As Galveston County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## ORDER

It is accordingly **ORDERED** that this matter is transferred to the Galveston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 23rd day of November, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE